**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Werner Rümmer a/k/a Werner Kunkel, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Tim Schuetzle, | ) | |
| North Dakota State Prison, | ) | Case No. 1:07-cv-079 |
| | ) | |
| Respondent. | ) | |

___

On November 6, 2007, the petitioner, Werner Rümmer ("Rümmer"), filed a pro se Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. Judge Hovland has referred this matter to the undersigned for preliminary consideration.

## I. BACKGROUND

Rümmer was convicted on state murder charges on August 16, 1995. The state district court entered judgment against Rümmer on September 26, 1995, and sentenced him to life imprisonment. The North Dakota Supreme Court denied Rümmer's direct appeal and affirmed his conviction in an opinion filed on May 29, 1996. See State v. Kunkel, 548 N.W.2d 773 (N.D. 1996). The mandate was issued on June 21, 1996. There is nothing in the record to suggest that Rümmer went on to petition the United States Supreme Court for a writ of certiorari.

Rümmer filed an application for post-conviction relief in April 2004. The state district court denied his application in September 22, 2005, prompting him to file a notice of appeal. The North Dakota Supreme Court denied his appeal on October 17, 2006. See State v. Rümmer, 2006 ND 216,

722 N.W.2d 528 (N.D. 1996). He subsequently filed a petition for rehearing, which the North Dakota Supreme Court denied on November 7, 2006.

On November 6, 2007, Rümmer filed with this court a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. His petition sets forth five grounds for relief:

> GROUND ONE: Ineffective assistance of counsel. Trial counsel failed to adequately investigate forensic entomological evidence offered by the state to establish the time of the victim's death and was inadequately prepared to meet that evidence.
>
> GROUND TWO: Ineffective assistance of counsel. Trial attorney failed to adequately investigate scientific evidence offered by the State to show that a fire in the defendant's car which occurred several years after the crime was intentionally set and thus was inadequately prepared to meet that evidence.
>
> GROUND THREE: Ineffective assistance of counsel. Trial attorney was ineffective in that he failed to object to evidence offered by the state to show that the body was drug to the scene and that the victim did not die there as the witness offering the opinion was not an expert qualified to give that opinion.
>
> GROUND FOUR: The State withheld potentially exculpatory evidence. The State withheld a deposition they knew existed that described a police officer that may have killed the victim of this murder.
>
> GROUND FIVE: State violated right to have assistance of the German Consulate. The State violated my right as a German national to have the assistance of the German Consulate General as provided by Article 36 of the Vienna Convention on Consular Relations.

Rümmer's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1)

## II. DISCUSSION

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") introduced a one-year statute of limitations with respect to the filing of petitions for writs of habeas

corpus and motions to vacate federal sentences. See 28 U.S.C. 2244(d)(1). This limitations period is calculated from:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D). However, in an instance when the conviction predates the AEDPA's enactment, the limitations period is calculated from the date on which AEDPA went into effect. See Landa v. United States, 998 F. Supp. 866, 867 (E.D. Mich. 1998); Ross v. Artuz, 150 F.3d 97, 102-03 (2d Cir. 1998); see also Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998) (calculating the limitations period from the date of AEDPA's enactment); cf. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998) ("We thus join the Seventh, Ninth, and Tenth Circuits in holding that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief under 28 U.S.C. § 2255.")

Section 2244(d)(1)(A) is applicable in this instance given procedural history of Rümmer's claims.[1] According to the Eighth Circuit, the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either:

(i)   the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or

(ii)  if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).  The Supreme Court's rules require that a petition for certiorari be filed within ninety days from the denial of discretionary review by a state court of last resort.  See Sup.Ct. R. 13.1.

Rümmer did not file a petition for certiorari with the United States Supreme Court at the conclusion of his direct criminal appeal.  Thus, for the purposes of § 2244(d)(1)(A), his one-year window in which to file a habeas petition commenced on or about September 20, 1996, or 90 days after his judgment of conviction became final.  Id.  His window closed on September 20, 1997.  Rümmer did not file his petition until November 5, 2007.  Thus, his petition appears to be untimely.  The court's analysis does not end here, however.

Section 2244(d)(2) provides that the one-year limitations period may be tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending."  See William v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002) (discussing what constitutes a "pending" application for the purposes of 28 U.S.C. 2244(d)(2)).  The limitations period may also be tolled as

---

[1] Rümmer's conviction was handed down prior to the AEDPA's enactment.  It did not become final, however, until September 20, 1996, when Rümmer's time to seek direct review in the United States Supreme Court by writ of certiorari expired.  Thus, it did not become final until after the AEDPA had gone into effect.

a matter of equity. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003). Equitable tolling is only proper, however, "when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the Respondent's conduct has lulled the petitioner into inaction." Id. at 1015. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir.2002)).

Section 2244(d)(2) is inapplicable in this instance, however, as the limitations period lapsed approximately six and a half years before Rümmer filed his application for post-conviction relief with the state district court. Moreover, the Rümmer's petition sets forth no basis for equitably tolling the limitations period. The standard petition forms provided to petitioners advise them of the AEDPA's limitations period and, in the event their judgment of conviction became final over one year ago, directs them to explain why their petition is not time-barred. Rümmer utilized this form and, whether inadvertently or intentionally, neglected this directive. Thus, there is nothing in his petition to suggest the existence of any impediments to his filing a timely petition or any actions by the Respondent that could have lulled him into inaction.

### III.   CONCLUSION

Rümmer's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is untimely. The undersigned therefore **RECOMMENDS** that:

1. Rümmer's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 1) be **DENIED**;

2. The court certify that an appeal from the denial of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith;

3. A certificate of appealability not be issued with respect to any of the issues raised by Rümmer.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to Local Rule 72.1(3)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.

Dated this 30th day of November, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge